No. 34,372

THE GLIMAC OIL COMPANY, *Appellant,* v. CARL WEINER, WILLIAM BELL, K. C. BELL, and CARL WEINER and WILLIAM BELL, doing business as WEINER-BELL, a Copartnership, *Appellees.*

(94 P. 2d 309)

Opinion filed October 7, 1939.

*A. W. Hershberger, J. B. Patterson, Enos E. Hook, P. J. Warnick,* all of Wichita, *John Bertenshaw* and *Kirke C. Veeder,* both of Independence, for the appellant.

*Henry F. Herrman,* of Hays, and *George W. Donaldson,* of Chanute, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was an action for damages for disparagement of title. A demurrer to plaintiff's amended petition was sustained, and plaintiff appeals.

The amended petition alleged that on the 7th day of May, 1936, one John J. Chambers acquired title to an oil and gas lease on certain land in Ellis county, and that on May 15, 1937, by proper assignments the plaintiff became the owner of such lease.

It was alleged that on the 19th day of November, 1936, the defendants by and through their agent, one K. C. Bell, executed and filed for record in the office of the register of deeds of Ellis county an affidavit in which it was stated that defendants had employed Chambers as their agent to procure oil and gas leases in Ellis county; that acting as their agent he procured the lease in question; that in violation of his trust Chambers took the title thereto in his own name; that defendants are the beneficial owners of the lease and are entitled to have the legal title transferred and assigned to them.

It was further alleged that in May, 1937, plaintiff entered into a written agreement with the Sinclair-Prairie Oil Company for the sale of the lease to that company for the consideration of $2,000, which was the fair and reasonable market value of the lease at that time; that when the record title of the oil and gas lease was examined the Sinclair company refused to accept the title and complete the purchase of the lease unless defendants would clear the title by an assignment of the lease; that defendants refused to remove such false and malicious affidavit; that the Sinclair company refused to accept the title and complete purchase of the lease; that at "this time said oil and gas lease is worthless and has no market value." Plaintiff asks judgment for $2,000 with interest.

Did the petition state a cause of action for disparagement of plaintiff's title to the oil and gas lease?

Our statute G. S. 1935, 67-254, provides:

"That whenever any person shall file in the office of register of deeds any affidavit, caveat or statement of any kind, signed by or on behalf of the claimant only, whether acknowledged or not, purporting to set forth any claim against, interest in or lien upon any real property belonging to another, if not based on a written instrument signed by the party to be charged, such claim, interest or lien shall, after expiration of thirty days from date of filing the same, no longer constitute any claim against, interest in or lien upon such real property, unless, within such time, the claimant shall begin an action in the court of competent jurisdiction to enforce such claim."

It was alleged in the petition that the affidavit was filed of record on November 19, 1936. The plaintiff did not acquire title to the lease until May 15, 1937. The statute gave the defendants thirty days from November 19, 1936, to file an action to enforce any claim, interest or lien they might have in the land in question. The statute further provided that if an action was not so filed "such claim, interest or lien" would "no longer constitute any claim against, interest in or lien upon such real property." The evident purpose

of the statute was to compel any person who claimed an interest in "any real property belonging to another," and who should file of record an affidavit or statement asserting such claim, to file his action promptly, so that such claim would not continue as a cloud on the title of the land affected. In *Dwelle v. Home Realty & Inv. Co.,* 134 Kan. 520, 525, 7 P. 2d 522, it was said:

"We hold that if the allegations of the affidavit were false, plaintiff's title was not only slandered when the affidavit was recorded (*Printing Co. v. Nethersole,* 83 Ohio St. 118), but that the slander continued without cessation to speak as long as it remained on the record and until the judgment. It was still speaking when plaintiff entered into a contract to sell the property to Conwell, and it frustrated that sale."

As the Dwelle case was decided in 1932 and section 67-254 was enacted in 1935, it is a reasonable supposition that the statute was intended to clear the title as to claims set forth in an affidavit, filed for record, and which "continued without cessation to speak" as long as such instrument remained of record. When the plaintiff acquired title to the lease the affidavit had been of record many months. By the terms of the statute any claim, interest or lien of defendants had long since been extinguished. Besides, the plaintiff is in no position to complain. The affidavit was of record when he acquired title. While the statement was not acknowledged, the statute 67-254 recognizes that such an instrument may be filed of record, and the plaintiff was therefore charged with notice of its contents.

The judgment is affirmed.