No. 26,522.

MARY J. EATON, *Appellee*, v. ROSS A. EATON, *Appellant.*

SYLLABUS BY THE COURT.

PROCESS—*Service—Privilege of Nonresident—Waiver.* A nonresident, privileged to avoid a summons in a civil action served on him while he is in the state attending the trial of a criminal action against him, and pursuant to bond for his appearance, should assert his privilege promptly; in any event, before judgment in the civil action. Otherwise, the privilege is waived, and the judgment is not voidable.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed March 6, 1926. Affirmed.

*Thomas E. Wagstaff* and *Jay W. Scovel,* both of Independence, for the appellant.

*T. S. Salathiel,* of Independence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The question involved is when privilege must be exercised to avoid civil process served in this state on a nonresident present in the state at the trial of a criminal action against him, and pursuant to bond given for his appearance.

While the plaintiff, Mary J. Eaton, and her husband, Ross A. Eaton, the defendant, were domiciled in Texas, they separated under circumstances which qualified the wife to acquire a separate domicile in Kansas. In February, 1923, she commenced an action for divorce and alimony, and service was made on defendant by publication. The children of the marriage were in custody of plaintiff and, notwithstanding the estrangement between husband and wife, defendant sometimes visited the children in Kansas. While visiting the children in Independence, defendant was arrested on complaint of his wife for nonsupport of the children, and he gave bond for his appearance at the trial. The trial occurred on August 2, 1923, and on defendant's appearance at the trial he was served personally with summons in the action for divorce and alimony. The answer day stated in the summons was September 3. On September 24, judgment was entered in favor of plaintiff for divorce, and for alimony in the sum of $20,000. Immediately upon con-

Process, 32 Cyc. pp. 492 n. 45, 494 n. 58, 495 n. 66; 14 A. L. R. 771; 21 R. C. L. 1307.

clusion of the criminal trial on August 2, defendant consulted his Kansas attorney and his Texas attorney, and arranged with them to have the service of summons made on that day set aside. On January 4, 1924, defendant appeared specially by his attorneys and moved the court to set aside the personal judgment for alimony, on the ground of invalidity of the service made on August 2, 1923. The motion was denied, and defendant appeals.

It is settled law of this state that a suitor in necessary attendance on any court outside the territorial jurisdiction of his residence, is exempt from service of any summons upon him while in good faith going to, attending, or returning from court. (*Bolz v. Crone*, 64 Kan. 570, 67 Pac. 1108.) The exemption rests on principles of the common law (*Reiff v. Tressler*, 86 Kan. 273, 120 Pac. 360; *Oil Co. v. Beutner*, 101 Kan. 505, 167 Pac. 1061), and the later and just tendency is to extend rather than to restrict the privilege. (*Underwood v. Fosha*, 73 Kan. 408, 85 Pac. 564.) The defendant in a criminal case has the privilege of being a witness in his own behalf. The policy of the law which exempts other nonresident witnesses from service of civil process applies to him, and the clear weight of authority is that, while defendant was in this state for the purpose of responding to the criminal charge, and pursuant to his bond given in the criminal case, he was exempt from service of civil process. (14 A. L. R. 771; *Prescott v. Prescott*, 95 N. J. Eq. 173.)

Under all the authorities, service of civil process on a privileged person is not void; it is merely irregular, and because it is voidable only, a judgment rendered without due assertion of the privilege, is valid. The rule is that the privilege must be claimed at as early a stage of the proceedings as possible. (*Wells v. Patton*, 50 Kan. 732, 33 Pac. 15; 32 Cyc. 495.) In this state the claim may be made by motion, or by answer presenting the single question of privilege.

In this instance, motion to set aside the service could have been made on the answer day stated in the summons served. In any event, the motion ought to have been made before judgment. Instead of moving promptly, defendant allowed judgment to be taken, allowed the term to lapse, and then undertook to proceed as though the judgment were void. The result is, he waived his privilege.

The judgment of the district court is affirmed.