No. 36,111

Phoenix Joint Stock Land Bank, *Appellee*, v. Charles B. Eells, *Appellant.*

(148 P. 2d 732)

Opinion filed May 6, 1944.

*Charles B. Eells* was on the briefs *pro se.*

*Harry C. Blaker,* of Pleasanton, argued the cause, and *A. N. Adams,* of Kansas City, Mo., was on the briefs for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a ruling on a motion to set aside a judgment.

The pertinent facts were these: Early in 1936 an action had been filed in the district court of Linn county to foreclose a real estate mortgage on a tract of Linn county land. Plaintiff was the Phoenix Joint Stock Land Bank and Charles B. Eells was defendant. On April 27, 1936, personal service of summons was made on defendant in Linn county, Kansas. He made no appearance and filed no pleading. Judgment by default was entered for plaintiff on July 28, 1936.

On October 26, 1943, seven years and three months after the rendition of judgment, defendant Eells filed a motion to set aside and vacate the judgment on the ground that the district court had not acquired jurisdiction over him for the reason that in 1936 and for years prior thereto defendant was a resident of Missouri, and that his presence in Linn county on the date he was personally served with summons was occasioned solely because he was a witness and suitor in three cases set for hearing· on that date before the courts of two justices of the peace in Linn county; and that—

"While one of the said cases was being heard in the justice court on April 27, 1936, the undersheriff of Linn county, Kansas, entered the court room, interrupted the proceedings and attempted to serve this defendant with a summons in above captioned case No. 9442 entitled *Phoenix Joint Stock Land Bank v. Eells et al.,* . . ."

Defendant Eells' motion further alleged that he was immune and exempt from service of process because he was not a resident of Kansas and that his presence in Linn county on April 27, 1936, was caused by his necessity to attend court as witness and suitor in the justice courts as stated above.

Defendant's motion further alleged that on April 5, 1938, about the time the redemption period expired, following the sale of the land in foreclosure, and before any transfers of the land were made, he filed an affidavit with the register of deeds of Linn county—"and gave warning to all persons of the defendant's claims and notified any purchaser that he bought same at his own risk and peril," etc.

In support of his motion defendant cites and relies on that provision of the civil code which reads:

"A witness shall not be liable to be sued in a county in which he does not reside, by being served with a summons in such county while going, returning or attending, in obedience to a subpoena." (G. S. 1935, 60-2514.)

Defendant also cites decisions of this court where this provision of the code has been upheld and liberally construed. (*Bolz v. Cronc,* 64 Kan. 570, 67 Pac. 1108; *Underwood v. Fosha,* 73 Kan. 408, 85 Pac. 564; *Reiff v. Tressler,* 86 Kan. 273, 120 Pac. 360; *Gillmore v. Gillmore,* 91 Kan. 293, 137 Pac. 958; *Oil Co. v. Beutner,* 101 Kan. 505, 185 Pac. 288.)

Defendant also invokes the familiar rule of the civil code which declares that a void judgment can be vacated at any time, on motion of a party or person affected thereby. (G. S. 1935, 60-3009.)

But what was there on the face of the record in the Linn county

district court which could have disclosed to the court any defect in the sheriff's return showing personal service of summons on defendant? Nothing whatever. If defendant had chosen to do so, he might have made a timely special appearance and moved to quash the service of summons on the ground of his immunity to service of process under the provision of the code on which he now belatedly relies. But he did nothing. It is settled law that immunity to service of civil process is a privilege which the person so privileged may claim or waive. Thus in *Wells v. Patton,* 50 Kan. 732, 33 Pac. 15, it was said:

"A party who denies the jurisdiction of a trial court over his person must present that question at as early a stage in the proceedings as is possible." (Syl. ¶ 4.)

In *Eaton v. Eaton,* 120 Kan. 477, 243 Pac. 1040, it was said:

"A nonresident, privileged to avoid a summons in a civil action served on him while he is in the state attending the trial of a criminal action against him, and pursuant to bond for his appearance, should assert his privilege promptly; in any event, before judgment in the civil action. Otherwise, the privilege is waived, and the judgment is not voidable." (Syl.)

In *Whiteman v. Cornwell,* 100 Kan. 234, 164 Pac. 280, where it was contended that a plaintiff cannot quiet title to land to which he did not have any title, we said:

"He cannot if his adversary having some sort of title sees fit to contest with him. But if the latter foregoes a contest, shall not the plaintiff prevail? If I am sued for a sum of money which I do not owe, on a claim without even a shadow for its basis, and am duly summoned into court, and I wholly ignore the judicial proceeding, the plaintiff will take judgment against me by default, and in time that judgment will become unassailable. Certainly I will then be indebted to the person who secured judgment against me, and there will be no escape from it." (p. 236.)

See, also, *Farmers Coöperative Ass'n v. Hed,* 122 Kan. 435, 251 Pac. 1090; *Home Owners Loan Corp. v. Clogston,* 154 Kan. 257, 118 P. 2d 568; 50 C. J. 558.

Before concluding, we take note of the fact that some two years after the rendition of judgment in foreclosure, defendant filed an affidavit with the register of deeds asserting an interest in the land which had been subjected to foreclosure proceedings. To be effective, the affiant in such case must follow up that caveat by taking some appropriate action to enforce his claim in a court of competent jurisdiction. The time given therefor is thirty days. So reads the civil code, G. S. 1935, 67-254. (And see *Glimac Oil Co. v. Weiner,*

150 Kan. 430, 94 P. 2d 309.) In this case defendant never followed up his caveat or assertion of claim by any effective proceedings. His affidavit and its filing with the register of deeds were therefore wholly abortive and without legal effect.

There is nothing further in this case worthy of discussion, and the judgment of the district court denying his belated motion is affirmed.