No. 44,729

RICHARD D. BAKER, *Appellee*, v. HAROLD ERBERT, *Appellant*.

(427 P. 2d 461)

Opinion filed May 13, 1967.

*Mitchell H. Bushey,* of Iola, argued the cause and was on the briefs for the appellant.

*Stanley E. Toland,* of Iola, argued the cause, and *Frank W. Thompson,* of Iola, and *William L. Carew,* of Colorado Springs, Colorado, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a summary judgment rendered in an action on a foreign judgment.

A petition was filed in the District Court of Allen County, Kansas, on July 14, 1965, alleging that a judgment was obtained upon a promissory note in the State of Colorado, in favor of Darrell Thomas, trustee in bankruptcy, against Harold Erbert for the sum of $5,-338.38, plus costs and interest. The petition further alleges that the plaintiff, Richard Baker, who is the appellee herein, received an assignment of the judgment from the trustee. After some proceedings which are not important to the decision of this controversy the appellant filed an amended answer.

The amended answer was attacked by a motion for summary judgment which was sustained. The defendant has appealed. We must look to the answer for the facts and issues upon which this controversy must be determined.

The amended answer admitted the entry of the judgment in the State of Colorado and alleged as a defense thereto:

"3. That the service of summons upon the defendant in the case of Darrell D. Thomas, trustee vs. Harold Erbert, civil action No. 43169 in the District Court, in and for the County of El Paso, State of Colorado, is invalid and void for the reason that when the defendant Harold Erbert who was a citizen and resident of the State of Kansas, and a nonresident of the State of Colorado, was served with said summons he was at that time attending the United States District Court for Colorado, sitting at Colorado Springs, Colorado, as a witness in a hearing in the bankruptcy case of the Falcon Oil Company, a bankrupt corporation, and was in the said state and county for no other reason.

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

"5. That on the 25th day of March, 1963, the said Darrell D. Thomas who was the plaintiff in the action upon which this judgment is based agreed with and promised the defendant's attorneys, Kenneth H. Foust of Iola, Kansas, and the firm of Foard, Foard, and Cartney of Colorado Springs, Colorado, attorneys for the defendant Harold Erbert that they would not take judgment in said action against the defendant Harold Erbert until they had filed suits and had attempted to collect the said amount due from the said persons above named, and that if they could not collect said sums from said persons they agreed to notify the defendant's attorney Kenneth H. Foust and permit him to defend said action, and that by reason of false and fraudulent promises did induce the said defendant Harold Erbert to waive his defense set out in paragraph three hereof by not filing any answer or other pleading in said action setting up said defense and not withstanding said promise whereby said defendant was induced to forego his defense, the said plaintiffs did without giving said notice to the said defendant or either of his attorneys, as they had agreed to do, take said judgment without attempting to collect the same from the above named persons."

The trial court in passing on the motion for summary judgment concluded in part:

"The defendant makes no claim that jurisdiction was procured of his person by the Colorado Court by fraud. He does not say that he was induced by promises or fraudulent representations or trickery to waive his objections to jurisdiction. He says that he was induced to waive his DEFENSES on the merits."

We are inclined to agree with the trial court.

The appellant contends in paragraph 3 of his answer that the service of summons upon him was "invalid and void" because when served he was a resident of Kansas attending the United States District Court in Colorado as a witness in a bankruptcy hearing. The allegation contains an erroneous conclusion of law.

Witnesses are encouraged to come forward and voluntarily give testimony by granting them immunity from service of civil process while attending trial in a state other than that of their residence. However, the service on one entitled to immunity is not void, but merely voidable and the immunity may be lost by acts of omission. The rule is stated in 72 C. J. S., Process, § 88 a, p. 1124, as follows:

"Since the immunity is personal in its nature, service of civil process on one who is entitled to immunity from such service is not void, but merely voidable; and the immunity may be waived or lost by acts or omissions of a person otherwise entitled thereto.

"The privilege may be waived not only by failure to assert it at all, but also by failure to assert it promptly, or by failure to assert it in the proper manner; and in case of failure to assert the privilege promptly, it is immaterial whether or not the delay was an intentional act of bad faith, since its effect would be the same. . . ."

The above rule is followed in Colorado (*Norquist v. Norquist,* 89 Colo. 486, 4 P. 2d 306) and also in Kansas (*Phoenix Joint Stock Land Bank v. Eells,* 158 Kan. 530, 148 P. 2d 732).

We find a statement in 42 Am. Jur., Process, § 156, p. 135, covering facts quite similar to those now before us:

". . . An objection by the defendant that he is privileged from the service of process in the action is not available after one has confessed judgment in a case, or *where he permits judgment to go by default after being served.* The service of process on one who is privileged or exempt from service is not void but voidable. To secure his right to claim privilege or immunity from service of process, *one upon whom such process has been served must appear and move to quash the summons or proceed otherwise as required by rules of practice in his jurisdiction;* . . ." (Emphasis supplied.)

In the present case the petition, from which the controversial judgment stemmed, was filed and service obtained on October 1, 1962. Summary judgment was taken on June 25, 1964. Even the alleged agreement to delay prosecution of the action was not alleged to have been made until March 25, 1963, some six months after service was obtained.

We are forced to conclude that any immunity from service which the appellant may have had was waived or lost by his failure to take timely action.

Appellant next contends that an issue of fact was raised by the answer based on the allegation that the Colorado judgment was based on fraud and trickery. The allegation as contained in paragraph 5 of the answer was to the effect that the plaintiff agreed

with and promised defendant's attorneys that he would not take judgment until they had attempted to collect the amount in suit from other parties and if he could not do so he would notify defendant's attorneys so that they could defend. Plaintiff took judgment in violation of his promise and by reason of the false and fraudulent promise defendant was induced to waive his right to challenge jurisdiction and was induced to forego his defense.

We have disposed of the question of waiver of service affecting jurisdiction. There remains only the question of fraud inducing defendant to forego his defense as a basis for challenging the Colorado judgment when action was brought thereon in Kansas.

We must look to the Colorado law for the answer to this question. In an action on a foreign judgment its validity and finality are to be tested by the law of the jurisdiction where such judgment was rendered. In 55 A. L. R. 2d, beginning at page 678, we find the following statement:

"The full faith and credit clause does not preclude the defense, in an action on the judgment of a sister state, that the judgment was obtained by fraud, where the same defense, under the facts upon which it is predicated, is available in an action upon a domestic judgment brought in the state in which the judgment was rendered. . . .

"Contrariwise, the full faith and credit clause requires that in an action upon the judgment of a sister state the defense of fraud is available only when the same fraud would have been a defense in an action brought upon the judgment in the state in which it was rendered. The only exception to this rule is a defense based on fraud depriving the court of its jurisdiction over the person of the defendant. In such a situation the full faith and credit clause does not apply. . . ."

Cited as authority for the last statement above is *Anderson-Prichard Oil Corp. v. Unknown Successors, etc., Okla. Royalty Corp.,* 167 Kan. 432, 443, 207 P. 2d 417, where we stated:

"Plaintiff argues that to hold this answer good would be to deny in Kansas full faith and credit to a judgment of the state of New York in violation of section 1, article IV of the Constitution of the United States. The section does require that a judgment of a court of one state be given full faith and credit in another state, but no better than it was in the state in which it was rendered. The authorities cited and relied on by plaintiff are to that effect. What we are holding here is that the two New York judgments are subject to the same defenses in Kansas to which they would have been subject in New York. Such a holding is in harmony with the decisions of the Supreme Court of the United States, where the subject has been passed on." (See, also *Fischer v. Kipp,* 177 Kan. 196, 199, 277 P. 2d 598.)

The law of Colorado permits a judgment obtained by fraud to be set aside only in a direct proceeding. In *A., T. & S. F. Ry. Co. v. Com'rs*, 95 Colo. 435, 440, 37 P. 2d 761, 763, the Supreme Court of Colorado stated:

"A judgment rendered without jurisdiction is void and may be attacked either directly or collaterally. But where a judgment rendered by a court having jurisdiction over the subject matter and the parties and jurisdiction to render the particular judgment is obtained by fraud or collusion, it is voidable only, not void, and it is binding upon parties and their privies unless and until it is set aside in a direct proceeding brought for that purpose. It cannot be attacked by them in a collateral proceeding such as this is."

The defendant made no attempt to seek relief from the judgment in the court where it was rendered.

We are forced to conclude that the allegations of the answer, with particular reference to paragraph 5, were not sufficient to present a genuine issue of fact on the question of fraud vitiating the original judgment when it was used as the basis for an action in Kansas.

The judgment is affirmed.

APPROVED BY THE COURT.