(574 P.2d 566)

No. 48,786

Gary Lewis Goldsberry, *Appellant,* v. Gary Lewis, *Appellee.*

Opinion filed February 10, 1978.

*Jack L. Lively,* of Hall, Levy and Lively, of Coffeyville, for the appellant.

*Ross E. Borders,* of Independence, for the appellee.

Before Rees, P.J., Parks and Swinehart, JJ.

Parks, J.: Plaintiff seeks to recover damages for personal injuries arising out of an altercation which occurred near Coffeyville, Kansas, on December 27, 1972. The defendant is an Oklahoma resident and the plaintiff resides in Kansas.

The present appeal concerns proceedings following the decision in *Goldsberry v. Lewis,* 220 Kan. 69, 551 P.2d 862 (hereafter *Goldsberry I*). There, the Supreme Court found that the trial court in this case had not ruled on certain prejudgment motions prior to entering default judgment against defendant. For that reason, the judgment was vacated and the case remanded with directions that the defendant be allowed to amend his prejudgment motions, and further that the trial court rule on those motions and proceed with the action from that stage.

Plaintiff filed his original petition on January 26, 1973. Defendant was served in Montgomery County, Kansas, with copies of summons and the petition on February 6, 1973. A motion to quash the service of process was filed on February 23, 1973, and later amended on July 2, 1976. Defendant stated in his motion that he was immune from service of process on February 6, 1973, for the reason that he was then present in Kansas solely to appear

at a criminal action against him. The motion was sustained on July 7, 1976, and the February 6, 1973, service was invalidated, quashed and set aside.

A new petition was filed by plaintiff on July 7, 1976. Copies of summons and this petition were duly served upon defendant in Oklahoma on July 16, 1976. Defendant answered and filed a motion for summary judgment which, after hearing, was sustained by the trial court on the ground that the statute of limitations bars plaintiff's claim. Plaintiff now appeals from the order of summary judgment.

It is undisputed that the plaintiff's claim is barred unless it is saved by K.S.A. 60-518, which provides in pertinent part as follows:

"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure."

Plaintiff argues that the trial court erred in ruling that K.S.A. 60-518 has no application under the facts and circumstances of this case. We agree.

An action is not commenced within the meaning of K.S.A. 60-518 where there is no service of process. Thus, K.S.A. 60-518 is not applicable where the service of process was void. See *O'Neil v. Eppler,* 99 Kan. 493, 494-495, 162 Pac. 311. However, when plaintiff's action has failed otherwise than on the merits and he thereafter commences a new action, he is to be afforded the protection or benefit of K.S.A. 60-518 if it is found that the earlier action has been commenced in due time.

The court in *Goldsberry I* established the principles governing the determination of the validity of service of process in this case. The court stated:

"A nonresident of this state who is here solely to appear in a criminal action against him is immune from service of process in a civil action; Such immunity has its origin in public policy and the common law, and not in any statutory provision; *Service on a person who is immune is not void, but is irregular only.* The immunity is a privilege which may be waived if not claimed, and failure to assert the privilege until after judgment constitutes a waiver. See *Baker v. Erbert,* 199 Kan. 59, 427 P.2d 461; *Phoenix Joint Stock Land Bank v. Eells,* 158 Kan. 530, 148 P.2d 732; *Eaton v. Eaton,* 120 Kan. 477, 243 Pac. 1040; and cases cited therein." (Emphasis supplied.) (p. 71.)

The February 6, 1973, service of process was not void, but

irregular. Since it was voidable, it was subject to assertion of the immunity privilege prior to judgment. Thus, until set aside on July 7, 1976, it was valid service.

Under K.S.A. 60-203, a civil action is commenced upon the filing of a petition with the clerk of the court, provided service of process is obtained within ninety days thereafter. Here, timely service of process was obtained but it was irregular and voidable upon assertion of the privilege before entry of judgment. The question before us is whether irregular and voidable service of process is sufficient to constitute commencement of an action within the meaning of K.S.A. 60-518.

A judgment rendered without prior assertion of a privilege of immunity from service of process is neither void nor subject to successful subsequent attack. *Eaton v. Eaton,* supra; *Phoenix Joint Stock Land Bank v. Eells,* supra; *Baker v. Erbert,* supra. Therefore we conclude that service of process upon a party who timely asserts such privilege constitutes compliance with K.S.A. 60-203 and satisfies the commencement requirement of K.S.A. 60-518.

The order of July 7, 1976, setting aside the service clearly amounted to a failure "otherwise than upon the merits" as contemplated by K.S.A. 60-518. Plaintiff was entitled to initiate a new action within six months from the July 7 date; he did so that same day.

For the reasons stated above, we hold that K.S.A. 60-518 is applicable in this case and the trial court erred in holding to the contrary.

Judgment is reversed and the case is remanded with directions to proceed expeditiously to trial on the merits.