(643 P.2d 1137)
No. 53,621

Robin R. Dunn, *Appellant*, v. City of Emporia, Kansas, *Appellee*.
Petition for review denied June 17, 1982.

Opinion filed April 22, 1982.

*Thomas E. Gleason, Jr.,* of Thomas E. Gleason, Chartered, of Ottawa, for the appellant.

*Dale W. Bell,* of Guy, Helbert, Bell & Smith, Chartered, of Emporia, for the appellee.

Before Foth, C.J., presiding, Terry L. Bullock, District Judge, and Frederick Woleslagel, District Judge Retired, assigned.

Bullock, J.: This is an appeal from a judgment of the trial court dismissing plaintiff's personal injury action on the grounds that it had not been commenced within the applicable statute of limitations. The material facts are undisputed.

On October 10, 1977, plaintiff, Robin R. Dunn, "stepped into a meter tile causing injuries to herself." Thereafter, she filed a timely claim with the City of Emporia, which was denied.

On October 10, 1979, exactly two years after the incident, plaintiff filed a petition in the Lyon County District Court which was assigned case No. 79C602 (*Dunn I*). Paragraph one of the petition stated that service could be had upon the defendant city by serving the city clerk or mayor. Thomas E. Gleason, Jr., plaintiff's attorney, testified that he personally brought the petition to the office of the clerk of the court to be filed. He further stated:

"[I] spoke at the time of filing with one of the personnel in the clerk's office. I do not know — I do not have a conscious recollection of which person it was to whom I spoke.

. . . .

"I suggested to the clerk that she might determine the City's normal procedure in receiving service of summons and that that procedure might be carried out. The clerk's office, whoever I spoke to, indicated that that would be all right. Having left the Petition and service and copy, and receiving a receipt for the filing fee, I left and returned to Ottawa. I at no time suggested by word, design or deed, or omission thereof, that service should be accomplished by service upon the city attorney."

When summons was issued, however, it was directed to the City of Emporia *by serving the city attorney, Merlin Wheeler.* The Return of Service indicates Mr. Wheeler was served personally.

The City answered on November 13, 1979. Among the affirmative defenses raised by the City in that answer was improper service of process. At this time, plaintiff had about 60 days remaining under K.S.A. 60-203 to check the clerk's file, discover the inadequate service and obtain service on the clerk or mayor. Instead, plaintiff ignored the warning of defendant's answer and merely replied, on November 28, 1979, denying all affirmative defenses.

On November 13, 1980, *Dunn I* was dismissed for lack of prosecution, the court not having ruled on any of the affirmative defenses presented in defendant's answer. On December 22, 1980, the petition in this case, alleging the same cause of action and assigned case No. 80C1074 (*Dunn II*), was filed. Praecipe for summons in *Dunn II* was directed to the city clerk of the City of Emporia and the return of service indicates the clerk was personally served.

On February 11, 1981, defendant filed a motion to dismiss, alleging (1) that the petition in *Dunn II* failed to state a claim upon which relief could be granted and (2) a violation of the statute of limitations. Following a hearing and arguments of counsel, the trial court granted the City's motion to dismiss on statute of limitations grounds. This appeal followed. Plaintiff raises two points on appeal for our review:

1. Did service of process on the city attorney constitute substantial compliance with the provisions of K.S.A. 60-304(*d*)?

2. Was service of process on the city attorney, even if not in substantial compliance with K.S.A. 60-304(*d*), merely voidable and therefore sufficient to "commence" an action for purposes of K.S.A. 60-518?

We will discuss these issues in the order presented.

1. The petition in *Dunn II* was clearly filed outside the applicable two-year statute of limitation period. That period expired on October 10, 1979, and the *Dunn II* petition was not filed until December 22, 1980. However, K.S.A. 60-518 provides:

"If any action be *commenced within due time,* and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure." Emphasis added.

Thus, if *Dunn I* was "commenced within due time," *Dunn II* would not be violative of the statute of limitations inasmuch as it would have been commenced within six months of the dismissal of *Dunn I* for lack of prosecution, a dismissal clearly "otherwise than upon the merits."

The "due time" for commencement of an action, referred to in K.S.A. 60-518, is governed by K.S.A. 60-203:

"A civil action is commenced by filing a petition with the clerk of the court, provided service of process is obtained or the first publication is made for service by publication, within ninety (90) days after the petition is filed; otherwise the action is deemed commenced at the time of service of process or first publication. An entry of appearance shall have the same effect as service."

The petition in *Dunn I* was filed October 10, 1979, and service of process was had on the city attorney on a date which is undisclosed but which was clearly within ninety days of the filing of the petition. The question for review thus becomes: Was this service of process sufficient to "commence" the action?

The statutory method for service of process applicable to the case at issue is K.S.A. 60-304(*d*), which provides in relevant part:

"Service shall be made as follows:

.   .   .   .

"(*d*) *Governmental bodies.*   .   .   . [U]pon a city, by delivering a copy of the summons and of the petition to the clerk or the mayor.   .   .   ."

As previously noted, service in *Dunn I* admittedly was not made upon the clerk or the mayor. Plaintiff nonetheless points to K.S.A. 60-204, which provides:

"The methods of serving process as set forth in article 3 of this chapter shall constitute sufficient service of process in all civil actions and special proceedings, but they shall be alternative to, and not in restriction of different methods specifically provided by law. In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected."

Plaintiff argues that under the facts of *Dunn I,* service on the city attorney constituted "substantial compliance" with the method specified in K.S.A. 60-304(*d*) and that, inasmuch as the City of Emporia was made aware the action was pending, the service should be held valid.

K.S.A. 60-204 was first discussed in *Briscoe v. Getto,* 204 Kan. 254, 462 P.2d 127 (1969). In *Briscoe,* an order of garnishment was directed to B. J. Kingdon as the individual employer of the judgment debtor. The order was served on Kingdon's secretary. No answer was filed and the judgment creditor sought judgment against Kingdon as a nonanswering garnishee. The trial court denied judgment on the grounds that the garnishment had not been properly served on Kingdon. The supreme court affirmed, holding:

"Service of process is the statutory method of obtaining jurisdiction over the person of a defendant and the method of service provided by statute must be substantially complied with. In *Butler County Comm'rs v. Black, Sivalls & Bryson, Inc.,* 169 Kan. 225, 227, 217 P.2d 1070, we stated:

" 'In any action, it is essential that the trial court have jurisdiction not only over the subject matter thereof, but of the parties to the action. Jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by the statute or by voluntary appearance, and this statutory method is exclusive of any other method of service.   .   .   .'

"The appellants contend:

" 'It is obvious from the wording of the section [K.S.A. 60-204] that the

legislature intended and has plainly stated that in any case where there is an irregularity, such as a service of process on an individual at his place of business by serving his secretary, the service shall be valid if "the party served was made aware that an action or proceeding was pending in a specified court in which his person, status or property were subject to being affected.' "

"We cannot agree with appellants' contention. Before there can be a valid personal service of process there must be a substantial compliance with some method of process provided in K.S.A. 60-301, *et seq*. It is only after substantial compliance that irregularities and omissions are cured by awareness of a pending proceeding.

. . . .

"This is a case of first impression and we find no precedent to guide us. However, as we read the statute it seems clear that new methods of service were not anticipated. There must first be substantial compliance with some statutory method of service. Irregularities or omissions will then be ignored if the court finds that the party to be served was made aware that an action or proceeding was pending, etc.

. . . .

"There is no provision for service of summons by leaving a copy with the secretary of the person to be served or by leaving a copy at the place of business of the person to be served. Such new method of service cannot be originated by K.S.A. 60-204." 204 Kan. at 256-57.

*Briscoe's* interpretation of K.S.A. 60-204 and its holding barring the obtaining of jurisdiction over an *individual* defendant through service on his or her secretary was adhered to in *Thompson-Kilgariff General Insurance Agency, Inc. v. Haskell,* 206 Kan. 465, 479 P.2d 900 (1971); *Haley v. Hershberger,* 207 Kan. 459, 485 P.2d 1321 (1971); and *Bray v. Bayles,* 228 Kan. 481, 618 P.2d 807 (1980).

Both parties here cite, and plaintiff relies on, *Chee-Craw Teachers Ass'n v. U.S.D. No. 247,* 225 Kan. 561, 593 P.2d 406 (1979). In that case, a teacher's association brought an injunction and mandamus action against the school board. The entire discussion in *Chee-Craw* as it relates to the present problem is as follows:

"The next point of claimed error in denying the Board's motion to dismiss is that service of process of the petition was improper. K.S.A. 60-304(*d*) provides that service upon the school district shall be made by serving the clerk of the board. The clerk was absent from her office when the process server arrived. The superintendent of schools talked to the process server when he was delivering the summons. The superintendent knew the nature of the served papers and mailed copies of them to each member of the Board the following day. Nothing is to be gained by reciting any further details of the service, return of summons, or amended return of summons.

"The Association calls this court's attention to K.S.A. 60-204, which provides:

" 'The methods of serving process as set forth in article 3 of this chapter shall constitute sufficient service of process in all civil actions and special proceedings, but they shall be alternative to, and not in restriction of different methods specifically provided by law. In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected.'

"There is no showing of prejudice by the particular means of service. This point is without merit." 225 Kan. at 563.

What plaintiff overlooks in her reliance on *Chee-Craw* is the balance of K.S.A. 60-304(*d*), not fully quoted in the court's opinion, wherein it is provided that service upon "any other public corporation, body politic, district or authority" may be made by "delivering a copy of the summons and of the complaint to the clerk or secretary or, if not to be found, to *any officer, director, or manager* thereof." (Emphasis added.) As the trial court in the present case stated, "I believe no one would have trouble construing a superintendent as the manager of a school district." We concur.

This reading of *Chee-Craw* is compatible with Judge Gard's commentary on K.S.A. 60-204:

"Proof of the fact that a party had actual knowledge of the pendency of an action against him and of its nature is not a substitute for service. Notice or knowledge must come from process itself (or valid waiver), and the summons must bear the minimum emblems of authenticity. But a rule of liberal construction is expressly established in keeping with such decisions as *Kunz v. Lowden,* 124 F.2d 911. Awareness of the pendency of the action or proceeding in a specified court must result from 'such service of process', and if awareness is apparent or established, irregularities and omissions do not invalidate the service." Gard's Kansas C. Civ. Proc. Annot. 2d § 60-204, p. 22 (1979).

In *Bray v. Bayles,* 228 Kan. at 485, the court noted that *Chee-Craw* was not applicable to personal service "on an *individual*" and held it did not change the law as established in *Briscoe* and its progeny. Properly interpreted, therefore, *Chee-Craw* also is not applicable here, where the relevant portion of K.S.A. 60-304(*d*) specifically limits service on a city to "the clerk or the mayor."

We therefore conclude service on the city attorney was not in substantial compliance with K.S.A. 60-304(*d*) and plaintiff's first point lacks merit.

2. In essence, plaintiff contends in her second point on appeal

that inasmuch as the validity of service on the city attorney was not passed upon in *Dunn I,* and because service there was merely voidable, *Dunn II* must be deemed to have been "commenced within due time," for purposes of K.S.A. 60-518. In this contention, plaintiff relies on *Goldsberry v. Lewis,* 2 Kan. App. 2d 56, 574 P.2d 566 (1978).

In *Goldsberry,* the defendant, an Oklahoma resident, was served when he was present in Kansas solely to appear at a criminal action against him. A motion to quash this service was ultimately sustained on the grounds that defendant was immune from service of process when served. This ruling followed appellate remand to consider that motion. *Goldsberry v. Lewis,* 220 Kan. 69, 551 P.2d 862 (1976) (*Goldsberry I*). Plaintiff then filed another identical action (*Goldsberry II*) outside the statute of limitations period. The trial court dismissed *Goldsberry II,* apparently on the grounds that because the defendant had been immune from service *Goldsberry I* had not been "commenced within due time," as required by K.S.A. 60-518. This court reversed. We noted that *Goldsberry I:*

"[E]stablished the principles governing the determination of the validity of service of process in this case. The court stated:

" 'A nonresident of this state who is here solely to appear in a criminal action against him is immune from service of process in a civil action. Such immunity has its origin in public policy and the common law, and not in any statutory provision. *Service on a person who is immune is not void, but is irregular only.* The immunity is a privilege which may be waived if not claimed, and failure to assert the privilege until after judgment constitutes a waiver. See *Baker v. Erbert,* 199 Kan. 59, 427 P.2d 461; *Phoenix Joint Stock Land Bank v. Eells,* 158 Kan. 530, 148 P.2d 732; *Eaton v. Eaton,* 120 Kan. 477, 243 Pac. 1040; and cases cited therein.' (Emphasis supplied.) (p. 71.)

"The February 6, 1973, service of process was not void, but irregular. Since it was voidable, it was subject to assertion of the immunity privilege prior to judgment. Thus, until set aside on July 7, 1976, it was valid service.

"Under K.S.A. 60-203, a civil action is commenced upon the filing of a petition with the clerk of the court, provided service of process is obtained within ninety days thereafter. Here, timely service of process was obtained but it was irregular and voidable upon assertion of the privilege before entry of judgment. The question before us is whether irregular and voidable service of process is sufficient to constitute commencement of an action within the meaning of K.S.A. 60-518.

"A judgment rendered without prior assertion of a privilege of immunity from service of process is neither void nor subject to successful subsequent attack. *Eaton v. Eaton,* supra; *Phoenix Joint Stock Land Bank v. Eells,* supra; *Baker v. Erbert,* supra. Therefore we conclude that service of process upon a party who

timely asserts such privilege constitutes compliance with K.S.A. 60-203 and satisfies the commencement requirement of K.S.A. 60-518." 2 Kan. App. 2d at 57-8.

The essence of *Goldsberry II* is that because service on an immune defendant would be sufficient to support a judgment unless the immunity is timely raised, such service is sufficient to "commence" the action. In the case at bar, plaintiff seeks to extend this rationale to the situation where *there has not been valid service of process at all.* In our view, inasmuch as the service in *Dunn I* was not in substantial compliance with the statute, it was not simply voidable but *void.* As observed in *Goldsberry II,* failure to raise immunity to service before judgment constitutes a waiver and prevents a collateral attack upon a judgment. Lack of valid service, however, deprives the court of jurisdiction and the judgment may be attacked at any time. *Cf. Davila v. Vanderberg,* 4 Kan. App. 2d 586, 588, 608 P.2d 1388 (1980); *Phillips Petroleum Co. v. Moore,* 179 Kan. 482, 486, 297 P.2d 183 (1956). As we held in *Goldsberry II:*

"An action is not commenced within the meaning of K.S.A. 60-518 where there is no service of process. Thus, K.S.A. 60-518 is not applicable where the service of process is void. See *O'Neil v. Eppler,* 99 Kan. 493, 494-95, 162 Pac. 311." 2 Kan. App. 2d at 57.

In our view, service in *Dunn I* was void rather than voidable and that action was never "commenced" at all. Hence K.S.A. 60-518 is inapplicable and the trial court did not err in dismissing this action.

Affirmed.