W. David **KIMBRELL** and Janet Kimbrell, Plaintiffs,

v.

**ADIA, S.A., a Swiss Corporation,** Defendant.

No. 92–4225–RDR.

United States District Court, D. Kansas.

Oct. 12, 1993.

See also 834 F.Supp. 1305.

John J. Immel, Petefish, Curran, Immel & Heeb, Lawrence, KS, Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, Dennis J. Dobbels, Jeffery J. Matthews, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for plaintiffs.

William R. Smith, Hershberger, Patterson, Jones & Roth, Wichita, KS, Michael G. McLaren, John H. Dotson, Stephen W. Vescovo, Thomason, Hendrix, Harvey, Johnson & Mitchell, Memphis, TN, for defendant.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

The complaint in this diversity case alleges fraud by agents of defendant in the purchase of Hall–Kimbrell Environmental Services, Inc. ("Hall–Kimbrell") stock from plaintiffs, the majority stockholders of the company. This case is now before the court upon defendant's motion to dismiss. Defendant's motion depends upon two arguments. First, defendant argues it would be improper for this court to exercise personal jurisdiction over defendant. Second, defendant contends plaintiff's case is barred by the statute of limitations.

*Personal jurisdiction*

The burden of proof applicable to this matter was explained in *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984) *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985):

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

Since this is a diversity case, our exercise of personal jurisdiction must comport with the standards of the Kansas long-arm statute, K.S.A. 60–308(b), and the United States Constitution. *Equifax Services, Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990). The Tenth Circuit has stated that "these inquiries are essentially the same, because '[t]he Kansas long arm statute [Kan.Stat. Ann. § 60–308(b)] is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution.'" *Id.,* quoting *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 740 P.2d 1089, 1092 (1987).

The "touchstone" for our analysis must be whether defendants purposefully established minimum contacts in Kansas. *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 109, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987); *Equifax Services, Inc. v. Hitz, supra.* Jurisdiction over a corporation may be either general or specific. *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1418 (10th Cir.1988). Specific jurisdiction exists when the lawsuit allegedly arises from the defendant's contacts with the forum state which are sufficient to comport with the Constitution. General jurisdiction exists when a defendant's presence or contacts with a forum state are sufficient to comport with the Constitution, but the lawsuit does not arise from those contacts. *Id.*

For specific jurisdiction, "minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits

and protections of its laws.'" *Asahi Metal Industry Co. v. Superior Court, supra,* quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). "'Jurisdiction is proper ... where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985), quoting *McGee International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957) (emphasis in original). The contacts and connection with the forum state should be such that the defendant should "reasonably anticipate being haled into court there." *Id.* at 474, 105 S.Ct. at 2183, quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1978).

Defendant argues that it has not had the minimum contacts with Kansas to support a legitimate claim of personal jurisdiction. In essence, defendant contends that it stands separate and apart from the people and corporations that negotiated the stock purchase in question. In response, plaintiffs assert that the people and corporations who negotiated the stock purchase with plaintiffs in Kansas were agents for defendant. Plaintiffs note that in a filing with the Securities Exchange Commission, defendant is listed as the "acquiring person" of Hall–Kimbrell. Plaintiffs assert that the chief executive officer of defendant negotiated directly with one of the plaintiffs and that defendant issued a press release to announce the acquisition of Hall–Kimbrell. Additionally, plaintiffs allege that the companies which defendant alleges made the purchase are heavily indebted to defendant and are simply a facade for defendant's actions in this case.

After reviewing the record, the court is satisfied that plaintiffs have demonstrated a prima facie case in support of personal jurisdiction. Therefore, we reject defendant's first argument for dismissal.

*Statute of limitations*

Defendant's second argument for dismissal requires the court to decide whether a magistrate judge's order granting a motion to amend to add a party is sufficient to commence an action for the purposes of the savings statute, K.S.A. 60–518, when the magistrate judge's order is subsequently reversed by a district court judge. This seemingly unique question has developed from the following facts involving other litigation between the same parties.

In 1990, Professional Service Industries, Inc., an alleged subsidiary of defendant in this case, filed suit against plaintiffs in Case No. 90–1326. On June 6, 1991, plaintiffs (the defendants in Case No. 90–1326) filed a motion to amend their answer to add defendant ADIA as a third party defendant in Case No. 90–1326. On January 9, 1992, the motion to amend was granted by a magistrate judge. On January 21, 1992, plaintiffs filed their amended answer and third-party complaint adding ADIA to Case No. 90–1326. On the same day, the magistrate judge's order was appealed and a stay of the order was requested. The magistrate judge stayed his order pending the appeal on January 22, 1992. A few days later, on January 30, 1992, the magistrate judge denied a motion to strike the amended counterclaims and third-party complaint, indicating that the matter was subject to the ruling of the district court judge. The district court judge reversed the magistrate judge's order permitting the amended answer and third-party complaint on April 8, 1992. Plaintiffs filed a motion for reconsideration which was denied on May 22, 1992. Plaintiffs again tried to bring third-party claims against defendant ADIA and add ADIA to Case No. 90–1326. But, this motion was denied by the district court on August 17, 1992. The case at bar was filed by plaintiffs against ADIA on September 17, 1992.

Defendant argues that the instant case should be dismissed because plaintiffs filed their complaint "more than two years and eight months after the last act of fraud which ADIA allegedly committed against them, i.e. on December 20, 1989, when Yves Paternot is alleged to have made certain representations to David Kimbrell." Defendant further asserts that plaintiffs admit they were well aware of the facts and circumstances giving rise to their complaint well over two years

before they filed the case at bar. Of course, a two-year limitations period controls fraud actions in Kansas. K.S.A. 60–513(a)(3).

Plaintiffs argue that their action against defendant was effectively filed in Case No. 90–1326 on June 6, 1991. Plaintiffs rely on *Wallace v. Sherwin Williams Co., Inc.,* 720 F.Supp. 158 (D.Kan.1988). There, the court held that, under Kansas law, an amended complaint should be deemed filed on the filing date of the motion to amend rather than the date that the amended complaint was filed as a separate document, when the limitations period expired between the two dates. Plaintiffs contend that, after the district court overruled the magistrate judge's decision permitting the amended third-party complaint, the Kansas saving statute, K.S.A. § 60–518, permitted plaintiffs six months to commence a new action against defendant. The saving statute provides:

> If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

There is no dispute that plaintiffs filed the case at bar within six months of the district court's action against the amended third-party complaint in Case No. 90–1326.

Defendant claims that plaintiffs never effectively commenced an action against it in Case No. 90–1326. Defendant contends that the *Wallace* decision is distinguishable because in *Wallace* the motion to amend was granted; here, the motion to amend was ultimately denied on review by the district court. In other words, defendant asserts that a motion to amend to add a party does not effectively commence an action against that party unless the motion is granted by the district court or the opposing party fails to file a timely motion to review a magistrate judge's order granting the motion to amend.

 We disagree with defendant's position. Decisions by a magistrate judge on nondispositive motions are intended to be effective unless overturned by the district judge, just as decisions of a district judge are intended to be effective unless overturned by a circuit court. 12 Wright, Miller & Elliott, FEDERAL PRACTICE & PROCEDURE § 3076.6 at 53 (1993 pocket part). Decisions by a district judge are not considered ineffective, advisory, or nonfinal simply because they may be reviewed, even on interlocutory appeal, by the circuit court. Similarly, we believe decisions by a magistrate judge should not be considered ineffective, advisory, or nonfinal simply because they may be reviewed by the district court.

A comparison of the decisions in *Dunn v. City of Emporia,* 7 Kan.App.2d 445, 643 P.2d 1137 (1982) and *Goldsberry v. Lewis,* 2 Kan. App.2d 56, 574 P.2d 566 (1978) is instructive. In Kansas, the commencement of an action requires filing a petition and service of process. See K.S.A. 60–203. In *Goldsberry,* where the service of process was not void, but voidable because of an immunity to service which could have been waived, the court held that the action had been commenced for the purposes of the saving statute. In *Dunn,* where the service of process was void because there was no substantial compliance with the service statute, the court held that the action had not been commenced for the purposes of the saving statute.

 In Case No. 90–1326, the Magistrate judge's order to amend the complaint probably would have remained effective if the parties had decided not to file a motion to review. Review *sua sponte* was possible. 12 Wright, Miller & Elliott, FEDERAL PRACTICE & PROCEDURE, *supra.* But, as a practical matter, *sua sponte* review of a magistrate's orders on nondispositive issues is uncommon, just as *sua sponte* review by a circuit court of issues arising from district court orders is uncommon. See *Counts v. Kissack Water and Oil Service, Inc.,* 986 F.2d 1322, 1325–26 (10th Cir.1993); *Hardiman v. Reynolds,* 971 F.2d 500, 502 (10th Cir.1992); *Walter v. International Association of Machinists Pension Fund,* 949 F.2d 310, 312 (10th Cir.1991). So, we believe a magistrate's order granting a motion to amend is akin to voidable process. It is sufficient to commence an action, although

the order is voidable upon review by a district court judge. In the circumstances of this case, a timely and meritorious motion to review was filed, but that does not mean that an action was not already commenced against defendant for the purposes of the saving statute.

 We think this analysis is consistent with the goals of the federal and state rules of civil procedure as well as the purposes of the statute of limitations. The general purpose of statutes of limitations and laws governing the commencement of actions is to protect against the prosecution of stale claims and to guarantee that parties are notified when they are being sued. The saving statute has been established so that plaintiffs who have notified defendants of a timely action against them can continue to pursue that claim if the action is dismissed otherwise than upon the merits. In this case, there is no claim that plaintiffs have acted in bad faith or in a dilatory fashion in pursuing an action against defendant. Nor is there a claim that defendant has been surprised by plaintiffs' lawsuit or was not notified of plaintiffs' efforts to bring the action in Case No. 90–1326. Therefore, we believe it is consistent with the purposes of the saving statute as well as the rules of civil procedure and the statute of limitations to hold, under the circumstances of this case, that a magistrate judge's order granting a motion to amend to add a party commences an action against that party upon proper service of the party.[1]

*Conclusion*

For the above-stated reasons, defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

---

1. There is no claim of inadequate or untimely service of process by defendant.