**Mary Lou MATZKE, Plaintiff,**

v.

**MERCK & CO., INC., Defendant.**

**Civ. A. No. 93–1182–FGT.**

United States District Court, D. Kansas.

March 22, 1994.

---

David P. Calvert, Focht, Hughey & Calvert, Wichita, KS, for plaintiff.

Larry B. Spikes, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, KS, Harvey L. Kaplan, Scott W. Sayler, Shook, Hardy & Bacon, Kansas City, MO, for defendant.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This is a products liability action brought under Kansas law. Plaintiff originally filed her claim in state court, but sought voluntary dismissal in order to refile in federal court. A hearing was held on the motion to dismiss on November 12, 1992. The judge decided at that hearing to grant the motion for dismissal without prejudice. However, the journal entry was not signed and filed until November 30, 1992. Plaintiff refiled her action in federal court on May 19, 1993. Defendant now moves for dismissal on the ground that the plaintiff's claim is time barred.

Plaintiff's federal court action was brought outside the applicable statute of limitations. However, the Kansas saving statute, K.S.A. § 60–518 provides: "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff ... may commence a new action within six (6) months after such failure." In this case, there is no question that plaintiff's voluntary dismissal constitutes a failure otherwise than upon the merits and that plaintiff's state court action was timely. The only issue is when plaintiff's state court action "failed."

Defendant contends that the state court action failed on November 12, 1992, when the state court judge held a hearing on the motion for voluntary dismissal and decided to grant the motion. According to the defendant, plaintiff's six months in which to refile expired on May 12, 1993, and plaintiff's federal court action, filed on May 19, 1993, was untimely. Defendant's argument relies heavily on the legislature's determination that the saving statute would begin to run at the time of "failure" of the first lawsuit. As defendant notes, the legislature did not define the word "failure." However, defendant contends the legislature must have meant something other than "entry of judgment" or it would have used those words.

Plaintiff argues that the decision of the state district court was not effective until November 30, 1992, when the journal entry of dismissal was signed and filed. Plaintiff analogizes the saving statute to K.S.A. § 60–258, which provides in part that "[n]o judgment shall be effective unless and until a journal entry or judgment form is signed by the trial judge and filed with the clerk of the court." Furthermore, plaintiff argues that under the circumstances of this case, the state court's order should be considered effective as of November 30, 1992. The plaintiff produced a journal entry of dismissal at the November 12, 1992, hearing, which defense counsel refused to sign because it contained technical errors and because he wished to confer with co-counsel before agreeing to dismissal. Likewise, the judge declined to sign the journal entry that day or "to give a decision in advance."

938

The court agrees with the plaintiff on both of her arguments. First, the court believes the saving statute would always begin to run with the filing of an order or journal entry of dismissal. This is consistent with other provisions of the Kansas procedural statutes, which provide that the courts' orders are effective upon their filing. *E.g.,* K.S.A. § 60–258. The court believes the mere use of the word "failure" is insufficient to indicate that the Kansas Legislature intended the saving statute to receive different treatment. The two cases defendant cites, *Waltrip v. Sidwell Corp.*, 234 Kan. 1059, 678 P.2d 128 (1984), and *Goldsberry v. Lewis,* 2 Kan.App.2d 56, 574 P.2d 566 (1978), do not address the issue before this court and do not indicate that the Kansas courts would decide this issue differently.

■ Second, it is clear that the state district court in this case did not intend the dismissal to be effective at the time of the hearing. The state district court declined to "give a decision in advance" and intended to wait until it received a corrected journal entry of dismissal. Therefore, in this case the plaintiff's state court case "failed" on November 30, 1992. The saving statute would have expired on May 30, 1993, and plaintiff timely filed her federal court action on May 19, 1993. Defendant's motion to dismiss is denied.

■ Plaintiff has filed a motion for sanctions under Fed.R.Civ.P. 11, arguing that the defendant in this case ignored both Kansas law and the circumstances of this case in arguing for dismissal. Although the court disagrees with defendant's arguments, the court declines to award sanctions. Defendant's position was based on a reasonable argument for an interpretation of K.S.A. § 60–518.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 2) is hereby denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Doc. 4) is hereby denied.