No. 45,477

JAMES B. BRISCOE and SUSAN BRISCOE, husband and wife, *Appellants,*
v. RICHARD GETTO and PATRICIA A. GETTO, husband and wife,
*Appellees,* and B. J. KINGDON, *Garnishee-Appellee.*

(461 P. 2d 127)

Opinion filed December 6, 1969.

*John S. Seeber,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, Wm. I. Robinson, J. Ashford Manka, Clifford L. Malone, Mark H. Adams, II, Floyd E. Jensen, Philip L. Bowman, Robert Hall, Donald W. Bostwick,* all of Wichita, and *Joe Rolston,* of counsel, were with him on the brief for the appellants.

*Richard I. Stephenson,* of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt, Philip Kassebaum, John E. Rees, Robert T. Cornwell, Willard B. Thompson, David W. Buxton, John T. Conlee, John Prather, John E. Matson* and *Douglas D. Johnson,* all of Wichita, and *Hugo T. Wedell* and *Homer V. Gooing,* of counsel, were with him on the brief for the garnishee-appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order overruling a motion for judgment against a non-answering garnishee because of improper service of the order of garnishment.

The facts are not in dispute. The appellants, J. B. Briscoe and his wife, obtained a money judgment against the defendants, Richard Getto and his wife. Richard Getto was an employee of B. J. Kingdon, an architect with offices on the third floor of the Beacon Building, Wichita, Kansas.

In an effort to collect on their judgment, the appellants started garnishment proceedings. The first order of garnishment was issued June 28, 1967, directed to B. J. Kingdon, and he was personally

served at his office. A second order of garnishment was issued on January 11, 1968, and Kingdon was again personally served at his office.

The third order of garnishment, the one out of which the present controversy arises, was issued by the appellants on April 11, 1968, and was again directed to Kingdon at his address in the Beacon Building. This order of garnishment was served on Kingdon's secretary, D. J. Blasdel, on April 12, 1968, and it was so stipulated.

It was also stipulated that Kingdon came to his office after the garnishment order had been served on his secretary April 12, 1968, and at that time was told by his secretary that he had again had garnishment papers relating to the lawsuit. On the same day Kingdon told Getto of the garnishment papers and in that connection testified as follows:

"I called him (Getto) in the office and told him about it and in the past, he had been calling—getting ahold of Mr. Seeber and it had been handled in that manner, and I told him to get ahold of Mr. Seeber and see what the problem was now, and he said all right. He (Getto) left my office, went back into the draft room. And when I left for my appointment, that's the last—really it just slipped my mind. I didn't do anything about it."

It was further stipulated that on each of the two previous occasions when the orders of garnishment were served on Kingdon, he withheld money until such time as an order had been obtained from the Court releasing the garnishment and authorizing him to pay the money to Getto and the Clerk of the Court. However, on this occasion Kingdon did not secure an order of the court or file an answer as required by K. S. A. 1967 Supp. 60-718.

It is conceded that the secretary, D. J. Blasdel, had never been appointed as process agent for B. J. Kingdon and that Kingdon's residence was not located at the Beacon Building.

On May 16, 1968, appellants filed their motion for judgment against the garnishee, Kingdon, for the amount due and owing on the Getto judgment in the sum of $3,002.82. The motion alleged the failure of the garnishee to respond to the garnishment order of April 12, 1968.

Following a hearing the trial court stated in a letter opinion:

"It is the judgment of this Court that plaintiffs' motion for judgment against B. J. Kingdon be denied.

"This Court finds that the garnishee in the Order of Garnishment dated April 11, 1968, was B. J. Kingdon, an individual.

"The Return on Service of Garnishment shows that the Order of Garnishment

was delivered to or served on R. J. Hasdel [D. J. Blasdel], Secretary, on April 12, 1968.

"This Court finds that B. J. Kingdon was not served with the Order of Garnishment as provided by law for personal service upon an individual (KSA 60-304 (a)), on April 11, 1968 or April 12, 1968."

The trial court, after stating that appellants relied on K. S. A. 60-204 and quoting the statute, further ruled:

"It is this Court's opinion and finding that B. J. Kingdon was not made aware that an action was pending in a specified Court in which his person, status or property were subject to being affected by the service of the Order of Garnishment on April 12, 1968."

The appellants, on appeal, continue to rely on K. S. A. 60-204 and challenge the trial court's finding that the garnishee was not made aware of the garnishment proceeding. We might be inclined to agree with appellants' criticism of the trial court's finding as to the garnishee's awareness of the garnishment proceeding. However, the finding is immaterial here. The trial court's finding that the garnishee "was not served with the order of garnishment as provided by law for personal service upon an individual" disposes of this controversy.

Service of process is the statutory method of obtaining jurisdiction over the person of a defendant and the method of service provided by statute must be substantially complied with. In *Butler County Comm'rs v. Black, Sivalls & Bryson, Inc.,* 169 Kan. 225, 227, 217 P. 2d 1070, we stated:

"In any action, it is essential that the trial court have jurisdiction not only over the subject matter thereof, but of the parties to the action. Jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by the statute or by voluntary appearance, and this statutory method is exclusive of any other method of service. . . ."

The appellants contend:

"It is obvious from the wording of the section [K. S. A. 60-204] that the legislature intended and has plainly stated that in any case where there is an irregularity, such as a service of process on an individual at his place of business by serving his secretary, the service shall be valid if 'the party served was made aware that an action or proceeding was pending in a specified court in which his person, status or property were subject to being affected.'"

We cannot agree with appellants' contention. Before there can be a valid personal service of process there must be a substantial compliance with some method of process provided in K. S. A. 60-301, *et seq.* It is only after substantial compliance that irregularities

and omissions are cured by awareness of a pending proceeding. K. S. A. 60-204, insofar as material here, provides:

". . . In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his person, status or property were subject to being affected."

This is a case of first impression and we find no precedent to guide us. However, as we read the statute it seems clear that new methods of service were not anticipated. There must first be substantial compliance with some statutory method of service. Irregularities or omissions will then be ignored if the court finds that the party to be served was made aware that an action or proceeding was pending, etc.

The appellants were attempting personal service under K. S. A. 1967 Supp. 60-304 (a). In order to effect service of process directed to a natural person, the summons must be personally served on such person, or left at his dwelling house or usual place of abode with some person of suitable age and discretion, or served upon an agent authorized by appointment or law, or upon special order of the trial court by leaving a copy of the summons at his dwelling house or usual place of abode.

There is no provision for service of summons by leaving a copy with the secretary of the person to be served or by leaving a copy at the place of business of the person to be served. Such new method of service cannot be originated by K. S. A. 60-204.

There was no method of statutory service that was substantially complied with. The provision for ignoring irregularities or omissions, if the trial court finds that the party was aware that an action or proceeding was pending in a specified court in which his person, status or property was subject to being affected, was not brought into operation.

The judgment is affirmed.

APPROVED BY THE COURT.