No. 45,861

THOMPSON-KILGARIFF GENERAL INSURANCE AGENCY, INC., *Plaintiff Appellee*, v. MARTIN HASKELL and ROBERT HASKELL, A Partnership d/b/a HASKELL & HASKELL, *Defendants Appellees*,

and

JAMES FEASTER d/b/a FEASTER TRUCK COMPANY OF DODGE CITY, KANSAS, *Garnishee Appellant*.

(479 P. 2d 900)

Opinion filed January 23, 1971.

*Evart Mills*, of Mills & Mills, of McPherson, argued the cause and was on the brief for the appellant.

*Jack O. Bowker*, of McPherson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This appeal is from a default judgment entered against the garnishee-appellant, James Feaster, doing business as Feaster Truck Company.

There is no serious dispute of fact. On April 24, 1967, the plaintiff, Thompson-Kilgariff General Insurance Agency, Inc., obtained a judgment in the County Court of McPherson County, Kansas, against Martin Haskell and Robert Haskell, a partnership doing business as Haskell & Haskell, the judgment being in the amount of $950.32, plus interest. The judgment remained unpaid, and on October 20, 1967, an order of garnishment was directed to James Feaster, d/b/a Feaster Truck Company, requiring him to answer within twenty days. According to the return of the Ford County

Sheriff the order was served on Feaster "by leaving with office manager, Kay Holt."

When no response was filed to the order of garnishment the plaintiff filed a motion for judgment against Feaster, based on his failure to answer or reply within the twenty-day time, all as provided in K. S. A. (now 1970 Supp.) 60-718. A copy of this motion and a notice of hearing thereon were mailed to Feaster but he failed to make any reply thereto and on December 20, 1967, the date of hearing contained in the notice, default judgment was entered against Feaster for the sum of $1000 (the judgment, interest and costs then exceeding that amount).

Shortly thereafter, Mr. Feaster moved to vacate the default judgment. This motion was overruled by the County Court of McPherson County and an appeal was thereupon taken to the District Court, which likewise overruled Feaster's motion to vacate. The present appeal followed.

The first point raised by Feaster in this appeal is, very simply, that the default judgment entered against him on December 20, 1967, is void because the order of garnishment was never legally served upon him. We are obliged to agree.

K. S. A. 61-411, the governing statute when the garnishment proceedings were had herein, provides in effect that where the garnishee is a person, a copy of the garnishment order and notice [of time to appear and answer] shall be served upon him personally or left at his usual place of residence. Neither method of service was employed in the present case. The order was not served upon Feaster in person, nor left at his usual place of residence; instead the order was left, as the return shows, with Kay Holt, the so-called office manager.

The record reveals that Mr. Feaster and his wife own their home at 507 Andrew, Dodge City, Kansas, and that Feaster resides there. Accordingly, plaintiff's suggestion that Feaster's business office might be regarded as his place of residence is without substance or merit. K. S. A. 77-201 *Twenty-fourth* provides:

"The terms 'usual place of residence' and 'usual place of abode,' when applied to the service of any process or notice, shall be construed to mean the place usually occupied by a person. If such person has no family, or does not have his family with him, his office or place of business, or if he has no place of business, the room or place where he usually sleeps shall be construed to be such place of residence or abode."

From the record it is clear that Mr. Feaster did have a usual place of residence other than the office on south 283 highway from which his trucking operations were conducted and that leaving a copy at the office with Kay Holt—who, incidentally, was not the office manager but a secretary—did not constitute a valid service of the garnishment order on Feaster. The last sentence of the foregoing statute can have no application to the situation shown to exist here.

We believe the recent case of *Briscoe v. Getto,* 204 Kan. 254, 462 P. 2d 127, is controlling on this issue, even though the garnishment proceedings were issued out of the district court in that instance. In *Briscoe,* the order of garnishment was directed to an architect who employed the judgment debtor. The order was served on the architect's secretary at his office in a Wichita office building. When the garnishee failed to answer, the judgment creditor filed a motion for judgment. This motion was overruled by the trial court because the garnishment order was not properly served. On appeal, the trial court's action was affirmed.

It was contended in Briscoe, as it is here, that the service was valid by virtue of K. S. A. 60-204, which provides that substantial compliance with any method of serving process shall effect valid service if the court finds that, notwithstanding some irregularity or omission, the party served was made aware of a pending action in a specified court in which his person, status or property were subject to being affected. However, that contention was rejected by this court.

The rationale of the *Briscoe* decision is succinctly set forth in the syllabus:

"Service of process is the statutory method of obtaining jurisdiction over the person of a defendant and the method of service provided by statute must be substantially complied with. (Syl. ¶ 1.)

"Methods of service, new or additional to those otherwise provided by statute, are not authorized by K. S. A. 60-204. (Syl. ¶ 2.)

"Substantial compliance with some statutory method of service is necessary before the provisions of K. S. A. 60-204 have any validating effect." (Syl. ¶ 3.)

As we have said, the process in *Briscoe* emanated from district court, while here it was issued out of county court. However, the principle involved is the same in both instances. Under K. S. A. 1967 Supp. 60-304 (*a*), pursuant to which service was attempted in the *Briscoe* case, personal service upon an individual must be obtained either by delivering a copy of the process to the party

personally, or by leaving a copy at his dwelling house or usual place of abode with a resident of suitable age and discretion (with exceptions not here applicable).

In the instant case, as in *Briscoe*, there was no substantial compliance with any method of service prescribed by statute. Such being the fact, the attempted service is void and life cannot be breathed into it through the medium of K. S. A. 60-204 by simply showing that the party sought to be served was made aware that a judicial action was pending which might affect his person, status or property.

Our decision that no valid service of the garnishment order was made upon Feaster makes it unnecessary to comment on other points raised on appeal.

The judgment of the lower court is reversed with directions to vacate the judgment against Mr. Feaster and enter judgment in his favor.