Randy David **RICHARDSON**, Plaintiff,

v.

**ALLIANCE TIRE AND RUBBER COMPANY, LTD., Alliance Tire and Rubber Company, (U.S.A.), Inc., Fiat–Allis B.V., Fiatallis North America, Inc., GKN PLC, GKN Sankey, Ltd., Hadley Castle Works, GKN North America Incorporated, and GKN Parts Industries,** Defendants.

No. 93–4165–SAC.

United States District Court, D. Kansas.

Aug. 1, 1994.

---

10. Those witnesses presenting the results of scientific tests would be considered expert witnesses.

Steven L. Hornbaker, Harper, Hornbaker & Altenhofen, Chtd., Junction City, KS, Jerry K. Levy, Law Offices of Jerry K. Levy, Lawrence, KS, Margaret F. White, Council Grove, KS, for plaintiff.

William R. Sampson, Paul W. Rebein, Shook, Hardy & Bacon, Overland Park, KS, David L. Ferstendig, Howard Breindel, Breindel & Ferstendig, P.C., New York City, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

On July 31, 1993, Randy David Richardson commenced this action against the defendants alleging that on July 31, 1991, he was severely injured when a tire and rim assembly exploded and struck him. Richardson's complaint alleges, *inter alia*, that the tire involved in the explosion, a 14.9 Alliance Brand tubeless-type tire, was designed, manufactured, distributed, marketed and sold by the defendant Alliance Tire and Rubber, (U.S.A.), Inc. (Alliance Tire and Rubber Co.). Count II of the complaint alleges that the tire was designed, manufactured, distributed, marketed and sold "in a defective condition and was defectively designed in that it had the proclivity to explode when put to the use anticipated" by Alliance Tire and Rubber Co. Count IV claims that Alliance Tire and Rubber Co. was negligent in designing, manufacturing, marketing and selling the tire. Each Count claims compensatory damages in the amount of $2,000,000 and punitive damages in the amount of $5,000,000.

This case comes before the court upon Alliance Tire and Rubber Co.'s motion pursuant to Fed.R.Civ.P. 12(b)(4) for an order dismissing this action against it on the ground of insufficient service of process. Alliance Tire and Rubber Co. contends that Richardson's process server "slipped the summons and complaint under the door of [Alliance Tire and Rubber Co.] offices." Alliance Tire and Rubber Co. argues that this did not constitute valid service under Fed. R.Civ.P. 4(e)(1) or (h)(1). Attached to Alliance Tire and Rubber Co.'s motion to dismiss are two exhibits. Exhibit A is a copy of the proof of service. Exhibit B is an affidavit of Mihaela Bagdasarian, a "bookkeeper" at Alliance Tire and Rubber Co., the person who apparently "received" the plaintiff's service of process on Alliance Tire and Rubber Co.

Prior to filing his response, Richardson took the depositions of Mihaela Bagdasarian and Arthur Berke, the process server Richardson had hired to serve Alliance Tire and Rubber Co. In his response, Richardson argues that service was proper under Fed. R.Civ.P. 4(e)(1) as Alliance Tire and Rubber Co. was served in accordance with Kansas and/or New York law.

Alliance Tire and Rubber Co. replies, arguing that the "plaintiff has withheld pertinent facts, has misstated holdings, and has misquoted treatises, all in a blatant attempt to uphold defective service." Alliance Tire and Rubber Co. asks the court to closely examine the authorities cited by the plaintiff and to find that the service attempted was insufficient and grant its motion to dismiss. Alliance Tire and Rubber Co. argues that the deposition testimony of Bagdasarian and Berke "clarifies the events and confirms that service was insufficient."

Without seeking leave of the court, Richardson has filed a surreply. In that surreply, Richardson's attorney admits that one of the quotes appearing in his brief was incorrect, but apologizes for the misquote.[1] "It was not intended to deceive the Court but the undersigned either mistakenly read or dictated the quote while working on the quote while working on the plaintiff's Brief filed herein." As to the remainder of Alliance Tire and Rubber Co.'s arguments, the plaintiff still contends that service "is good under Kansas and New York law."

The court, having considered the briefs of counsel and the applicable law, is now prepared to rule.

### Legal Standards

Alliance Tire and Rubber Co.'s motion to dismiss is made "pursuant to Fed.R.Civ.P. 12(b)(4)." While not argued by either party, the court notes that Alliance Tire and Rubber Co.'s motion to dismiss is premised upon the wrong section of the Fed.R.Civ.P. 12(b). Fed.R.Civ.P. 12(b) provides in pertinent part:

> **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> . . . . .
>
> (4) insufficiency of process,
>
> (5) insufficiency of service of process, . . .

"The motions authorized by Rules 12(b)(4) and 12(b)(5) permit defendant to challenge any departure from the procedure for serv-ing him with the summons and complaint for purposes of giving notice of the action's commencement." 5A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1353 (2nd ed. 1990). "Under these provisions defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4." *Id.*

Motions pursuant to Rules 12(b)(4) and 12(b)(5), while sometimes confused, authorize two distinct types of challenges:

> At the outset it is necessary to distinguish the motion under Rule 12(b)(4) from that under Rule 12(b)(5). An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provision of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare.

*Id.* (footnotes omitted); *see* 2A James Wm. Moore and Jo Desha Lucas, *Moore's Federal Practice* ¶ 1207[2.–4] (2nd ed. 1994).[2]

■ It is clear from Alliance Tire and Rubber Co.'s brief that it is not asserting a challenge to the sufficiency of process under Fed.R.Civ.P. 12(b)(4), but instead is asserting a challenge to the sufficiency of the service of process under Fed.R.Civ.P. 12(b)(5). In

---

**1.** The typographical error in the plaintiff's brief changes one word from "can" to "cannot." The typographical error essentially changed the quote in a way favorable to the plaintiff's position. The court accepts counsel's explanation, but encourages closer proofreading in the future so as to obviate the need for either the defendant or the court to expend additional effort needlessly addressing such issues.

The court notes that this admonition applies equally to the defendant as it has misquoted Pa.R.Civ.P. 402(a)(2)(iii) on page 8 of its brief.

**2.** In *Moore's Federal Practice,* the authors explain:

> A motion authorized by Rule 12(b)(4) challenges the sufficiency of the process by which the defendant has received notice of the action. Accordingly, that motion is proper where the defendant asserts that the content of the summons is not in compliance with the provision of Rule 4(b). A motion authorized by Rule 12(b)(5), on the other hand, challenges the sufficiency of the *service* of the process upon the defendant, and is proper to assert that the process was not service in the manner or within the time period provided by Rule 4.

*Moore's Federal Practice* ¶ 12.07[2.–4] (footnotes omitted).

light of the fact that Richardson has not raised this issue, and given the fact that Richardson was apparently not mislead by Alliance Tire and Rubber Co.'s reliance on the wrong provision of Rule 12(b) (as Richardson's brief addresses the actual issues raised in Alliance Tire and Rubber Co.'s brief), the court will construe Alliance Tire and Rubber Co.'s motion pursuant to Fed. R.Civ.P. 12(b)(4) as a motion pursuant to Fed.R.Civ.P. 12(b)(5), and address the merits of the motion.

" 'The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction....' " *Federal Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir.1992) (quoting *Ten Mile Indus. Park v. Western Plains Serv.,* 810 F.2d 1518, 1524 (10th Cir.1987)). "While the plaintiff has the burden of establishing personal jurisdiction, (citations omitted), and of establishing the validity of service of process, (citations omitted), this burden varies depending on the pretrial procedure employed by the district court." *Oaklawn Apartments,* 959 F.2d at 174. "Facts regarding jurisdictional questions may be determined by reference to affidavits, (citation omitted), by a pretrial evidentiary hearing, (citation omitted), or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Id.*

The rules governing the court's consideration of a defendant's motion to dismiss for lack of personal jurisdiction or for lack of proper service, decided before trial and upon affidavits and other written materials, are well-settled:

"The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Kennedy v. Freeman,* 919 F.2d 126, 128 (10th Cir.1990) (quoting *Behagen v. Amateur Basketball Ass'n of the United States,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985)); *see Oaklawn Apartments,* 959 F.2d at 174 ("When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing."); *Bernard v. Husky Truck Stop,* No. 93–2241–JWL, 1994 WL 171732, 1994 U.S.Dist. LEXIS 5786 (D.Kan. April 20, 1994) (in opposing motion to dismiss for insufficiency of process, plaintiff has burden of making a prima facie showing that statutory and due process requirements are satisfied so as to permit the court to exercise personal jurisdiction over the defendant); *Slawson v. Hair,* 716 F.Supp. 1373, 1375 (D.Kan.1989) (the plaintiff is entitled to the benefit of any factual doubts) (citing *Ammon v. Kaplow,* 468 F.Supp. 1304, 1309 (D.Kan.1979)).

## Facts

At some point in 1993, Richardson hired ASP International (ASPI) to serve Alliance Tire and Rubber Co. with the summons and complaint. During two weeks in October of 1993, Arthur Berke, a retired New York City police officer, was employed by ASPI as a process server. Berke never received any training on how to serve process under New York or federal law. Berke was never licensed to serve process in New York. ASPI terminated Berke's employment after two weeks; Berke indicated that being a process server "wasn't [his] cup of tea."

On October 18, 1993, at approximately 1:10 p.m., Berke attempted to serve Alliance Tire and Rubber Co. The offices of Alliance Tire and Rubber Co. are located at 56 W. 45th Street New York, New York. Upon entering Alliance Tire and Rubber Co.'s offices, Berke apparently encountered Mihaela Bagdasarian. Bagdasarian is employed as a bookkeeper for Alliance Tire and Rubber Co. As part of her duties, Bagdasarian sometimes greets visitors to the offices. Bagdasarian has no supervisory duties, nor is she an officer, di-

rector or general agent, cashier or assistant cashier of Alliance Tire and Rubber Co. Bagdasarian is not authorized by Alliance Tire and Rubber Co. to accept service on its behalf. Bagdasarian avers that she has never represented to anyone that she was authorized to accept service of process on behalf of Alliance Tire and Rubber Co. or Steven Sachs, vice-president of Alliance Tire and Rubber Co.

In pertinent part, Berke described the events of October 18, 1993, as follows:

> To the best of my knowledge, I went to the fifteenth floor or something, fifteenth floor or something, if I am not mistaken, and I knocked on the door and the woman opened the door and I told them I was a process server from ASPI and I had legal papers. And she in turn said to me she was not authorized. She was the only person in the office at the time and I went to give her the papers and she would not accept them, right and they fell on the floor. In other words, she didn't put her hands out for the papers.
>
> . . . . .
>
> She said something to an effect that she is not an officer and is not authorized, and I asked her—I requested her to sign and she refused to sign it, and I said you don't have to sign it anyway, and I gave her the papers but she just let them fall, and I left and put a description on her, and as far as I understand, that was a good service.

Berke's deposition at 37–38.[3]

Upon his return from Alliance Tire and Rubber Co., Berke apparently informed ASPI that the person he served with the summons and complaint was a receptionist. Nevertheless, the Proof of Service indicates

that the process server effected service on Alliance Tire and Rubber Co. by delivering the summons and complaint to " 'Jane Doe' Authorized Agent." [4]

The papers, including the summons and complaint, which were dropped off by Berke were in fact received by Sachs within two days of the disputed service of process.

## Fed.R.Civ.P. 4

Fed.R.Civ.P. 4 provides in pertinent part:

(e) **Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State ...

. . . . .

(h) **Service Upon Corporations and Associations.** Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or

---

**3.** In contrast, Bagdasarian claims that on October 18, 1993, a process server came to Alliance Tire and Rubber Co.'s New York office and asked for Steven Sachs. Bagdasarian informed the process server that Sachs was out of the office. The process server asked Bagdasarian if she would sign for a document on behalf of Sachs. Bagdasarian informed the process server that she could not do so. According to Bagdasarian, the process server then slipped one copy of the summons and complaint in this case under the door of the office. There was an unsigned notice of acknowledgement attached to the summons and complaint.

Essentially, the only difference between Berke's version of the events and Bagdasarian's version is that Berke claims that he never slipped the documents under the door, but instead dropped the documents to the floor.

**4.** Alliance Tire and Rubber Co.'s brief refers to additional facts concerning the completion of the proof of service, but apparently the defendant omitted that page of Berke's deposition from the exhibit it submitted to the court.

general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant ...

## Arguments of the Parties

Richardson apparently concedes that service was not perfected under Fed.R.Civ.P. 4(h)(1). Instead, Richardson contends that service was valid under Fed.R.Civ.P. 4(e)(1). Specifically, Richardson argues that service of process on Alliance Tire and Rubber Co. was proper under K.S.A. 60–304(e) and/or N.Y.Civ.Prac. L. & R. 311 (1994) (CPLR 311). In regard to compliance with Kansas law, Richardson argues that "the Kansas Supreme Court has ruled that the defendant has some affirmative duty to show that they were prejudiced by the form of service being objected to." Richardson contends that because Alliance Tire and Rubber Co. does not argue that it has been prejudiced, service in this case is adequate. Richardson contends that service was made in substantial compliance with K.S.A. 60–304(e), and therefore service should be upheld under K.S.A. 60–204.

Richardson also argues that service was proper under New York law. Richardson argues that CPLR 311 has been liberally construed, and that service in this case should be upheld as it was made in a manner which, objectively viewed, was calculated to give the corporation fair notice. Richardson also argues that in certain circumstances, namely occasions where the corporation resists and frustrates service, service of a receptionist can qualify as a proper service.

Alliance Tire and Rubber Co. responds, arguing that service of process was not proper under either Kansas or New York law.

As for Richardson's claim that service was proper under Kansas law, Alliance Tire and Rubber Co. argues that service of process was not made in substantial compliance with K.S.A. 60–304(e), and therefore the "defective" service of process is not saved by K.S.A. 60–204. In regard to Richardson's claim that service was proper under New York law, Alliance Tire and Rubber Co. argues that the case law interpreting CPLR 311 demonstrates that service of process was not sufficient. In short, Alliance Tire and Rubber Co. describes the service of process in this case as "sewer service"[5] and concludes that the court should grant its motion to dismiss.

## Analysis

### Was service of process sufficient under New York law?

■ N.Y.Civ.Prac. L. & R. 311 (1994) provides in pertinent part:

Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows:

1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service ...

While Richardson correctly notes that the service provisions of the CPLR are to be liberally construed, see Colbert v. International Security Bureau, Inc., 79 A.D.2d 448, 455, 437 N.Y.S.2d 360, 364 (1981), the court may not construe the provisions in a manner so as to do violence to the mandate of the statute. Id. Service of process on a receptionist of a corporation, as a general rule, is simply insufficient under New York law. See, e.g., Colbert, 79 A.D.2d 448, 437 N.Y.S.2d at 363–364; Burnside v. Suburban Syracuse

---

5. In 1 Robert C. Casad, *Jurisdiction in Civil Actions* § 3.01[7][d] (2nd ed. 1991), the author describes so-called "sewer service:"

In jurisdictions such as New York, where process need not be served by a public official, the bulk of the business of serving process gravitates into the hands of professional process servers. Some of these process servers once followed a practice of disposing of process given them to serve (e.g., by throwing it

down a sewer) and then falsely returning that they had duly served it. Although this practice is completely illegal, this practice once had particularly widespread use in New York in cases brought to collect consumer obligations. In 1973, changes in the law dealing with proof of service to require more detailed statements relating to how the process was served were enacted as a means of curbing such abuses. (footnotes omitted).

*Airport, Inc.*, 62 A.D.2d 1135, 404 N.Y.S.2d 194 (Fourth Dept.1978); *Austrian Lance & Stewart, P.C., v. Rockefeller Center, Inc.*, 163 A.D.2d 125, 558 N.Y.S.2d 521 (First Dept. 1990) ("A receptionist generally is not a person authorized to receive service for a corporate defendant.").

Richardson correctly notes that some cases applying New York law have upheld otherwise defective service when there is evidence that the person authorized to accept service has resisted service and the process server, precluded by that person's tactics from perfecting service, simply leaves the process in the authorized person's vicinity. *See Austrian Lance & Stewart, P.C.*, 163 A.D.2d 125, 558 N.Y.S.2d at 524. Richardson has failed to demonstrate that this case fits within this limited exception. The facts in this case, nor any reasonable inference therefrom, do not support such a finding. While the argument portion of Richardson's brief suggests that this case falls within that exception, that argument is not founded upon any factual basis supported by the written evidence submitted, but instead upon the conjecture of plaintiff's counsel.

 The fact that someone in authority at Alliance Tire and Rubber Co. eventually received the notice of Richardson's claim does validate the insufficient service of process. In New York, actual notice is not a substitute for service of process on a corporation, and the mere fact that the summons and complaint were eventually delivered to Sachs does not validate the service. *See Buggs v. Ehrnschwender*, 968 F.2d 1544, 1548 (2nd Cir.1992) (Under New York law, "[a]ctual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service.") (quoting *Markoff v. South Nassau Community Hosp.*, 61 N.Y.2d 283, 288, 473 N.Y.S.2d 766, 461 N.E.2d 1253 (1984)); *Colbert*, 79 A.D. 448, 437 N.Y.S.2d 360.

In sum, service of process was not valid under New York law.

**Was service of process sufficient under Kansas law?**

K.S.A.1993 Supp. 60–304 provides in pertinent part:

As used in this section, "serving" means making service by any of the methods described in K.S.A. 60–303, and amendments thereto, unless a specific method of making service is prescribed in this section. Except for service by publication under K.S.A. 60–307, and amendments thereto, service of process under this article shall be made as follows:

. . . . .

(e) *Corporations and partnerships.* Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, when by law it may be sued as such, ... (2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, ...

K.S.A. 60–204 provides:

The methods of serving process as set forth in article 3 of this chapter shall constitute sufficient service of process in all civil actions and special proceedings, but they shall be alternative to, and not in restriction of different methods specifically provided by law. In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected.

"Service of process is the statutory method of obtaining jurisdiction over the person of a defendant and the method of service provided by statute must be substantially complied with." *Brisco v. Getto*, 204 Kan. 254, 256, 462 P.2d 127 (1969).

In *Brisco*, the Supreme Court first discussed K.S.A. 60–204. In *Brisco*, an order of garnishment was directed to B.J. Kingdon as the individual employer of the judgment debtor. The order of garnishment was served upon Kingdon's secretary. Kingdon did not file an answer. The district court overruled the plaintiff's motion for judgment against Kingdon, holding that Kingdon was not properly served. On appeal, the appel-

lants argued that service of process was proper under K.S.A. 60–204 because Kingdon was admittedly aware of the garnishment.

The Supreme Court of Kansas disagreed. "Before there can be a valid personal service of process there must be a substantial compliance with some method of process provided in K.S.A. 60–301, *et seq.* It is only after substantial compliance that irregularities and omissions are cured by awareness of a pending proceeding." 204 Kan. at 256–57, 462 P.2d 127. After quoting the relevant portion of K.S.A. 60–204, the court stated:

> This is a case of first impression and we find no precedent to guide us. However, as we read the statute it seems clear that new methods of service were not anticipated. There must be substantial compliance with some statutory method of service. Irregularities or omissions will then be ignored if the court finds that the party to be served was made aware that an action or proceeding was pending, etc.

204 Kan. at 257, 462 P.2d 127. The court held that leaving a copy of the summons with Kingdon's secretary was insufficient to effect service of process under K.S.A.1967 Supp. 60–304(a).

■ "Under Kansas law, substantial compliance with the requirements for service and awareness of the action are all that is necessary." *Pedi Bares, Inc. v. P & C Food Markets, Inc.,* 567 F.2d 933, 936 (10th Cir. 1977). However, absent unusual circumstances, failure to substantially comply with the Kansas statutory provisions authorizing service of process has proven fatal to attempts to effect service of process, even where it is apparent that the defendant has actual notice of the plaintiff's claim. *See, e.g., Haley v. Hershberger,* 207 Kan. 459, 485 P.2d 1321 (1971); *Dunn v. City of Emporia,* 7 Kan.App.2d 445, 643 P.2d 1137, *rev. denied* 231 Kan. 799 (1982).

■ In the case at bar, the court concludes that the plaintiff, under the standards governing this court's consideration of the defendant's motion, has demonstrated that service of process was in substantial compliance with the K.S.A.1993 Supp. 60–304. The plaintiff left a copy of the summons and

petition at the business office of the defendant with Bagdasarian, a person apparently having charge of that office at the time service of process was attempted. While the service of process in this case should not be viewed as a paradigm for others to follow, the court concludes that service of process was valid under Kansas law.

IT IS THEREFORE ORDERED that Alliance Tire and Rubber Co.'s motion to dismiss for insufficient service of process (Dk. 22) is denied.