**Tiffani P. SELLENS, Plaintiff,**

v.

**TELEPHONE CREDIT UNION, a nonprofit Kansas Corporation, and Roger Dorpinghaus, Defendants.**

**No. 98–1426–JTM.**

United States District Court, D. Kansas.

Oct. 27, 1999.

Michael K. Lehr, Wichita, KS, for plaintiff.

Wyatt Wright, Foulston &Siefkin L.L.P., Wichita, KS, for defendant.

## ORDER

MARTEN, District Judge.

This matter is before the court on the defendant's motion to dismiss. Sellens has brought three claims against the defendant[1]: (1) a Title VII sexual discrimination claim, 42 U.S.C. §§ 2000e *et seq.;* (2) a claim under the Kansas Act Against Discrimination ("KAAD"), K.S.A. 44–1001 *et seq.;* and (3) a battery claim. The defendant's motion seeks to dismiss all three claims. In her response to the motion to dismiss, Sellens concedes that her state law claims should be dismissed. Therefore, the only issue before the court is whether Sellens's Title VII claim should be dismissed. The court has examined the parties' submissions and is prepared to rule. For the reasons set forth below, the defendant's motion to dismiss is denied.

## I. Introduction

Sellens filed her complaint on November 18, 1998. She alleges that she was employed by the defendant from October 7, 1996, through July 7, 1997. From December 1996 until the end of May 1997, Sellens claims she was subjected to numerous unwelcome and unsolicited advances by one of the defendant's employees. She claims she was constructively discharged from her employment on July 7, 1997, when she was told she would no longer be allowed to return to work.

The defendant claims Sellens's Title VII claim should be dismissed because (1) she failed to obtain proper service; and (2) she did not exhaust her administrative remedies. Sellens contends service was made in substantial compliance with K.S.A. 60–304(e), and therefore service should be upheld pursuant to K.S.A. 60–204. She further argues

---

1. Telephone Credit Union is the only remaining defendant. Roger Dorpinghaus was dismissed from the case without prejudice on June 1, 1999.

she exhausted her administrative remedies by filing her claim with the Equal Employment Opportunity Commission ("EEOC").

## II. Service of Process

### A. Facts

The Kansas Credit Union Association is a non-profit Kansas corporation that serves as the resident agent for the defendant. On March 18, 1999, 120 days after Sellens filed her complaint, Robert J. Moody delivered a summons and a copy of the complaint to Melissa Robb, a secretary who was located at the entrance of the Kansas Credit Union Association's building. Moody aff. ¶¶ 1, 3; Robb aff. ¶ 2. According to Moody, he told Robb he had a summons to serve and asked her who could accept the summons. Moody aff. ¶ 4. Robb allegedly told Moody that she could take the summons. *Id.* ¶ 5. Moody then gave Robb the summons and complaint and had her sign a Return of Service. *Id.* ¶¶ 6–7. Robb admits she received and signed for the summons and complaint addressed to the Telephone Credit Union in Case No. 98–1426–JTM. Robb aff. ¶ 2.

The defendant argues that by delivering the summons and complaint to the secretary, Sellens failed to serve an officer or general or managing agent of the Kansas Credit Union Association. It claims Sellens's attempted service is defective as a matter of law and that her Title VII claim should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) (lack of personal jurisdiction) and 12(b)(5) (insufficiency of service of process).

### B. Standards

The rules governing the court's consideration of a defendant's motion to dismiss for lack of personal jurisdiction or for lack of proper service, decided before trial and upon affidavits and other written materials, are wellsettled:

"The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.

The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."

*Kennedy v. Freeman,* 919 F.2d 126, 128 (10th Cir.1990) (quoting *Behagen v. Amateur Basketball Ass'n of the United States,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985)); *see Oaklawn Apartments,* 959 F.2d at 174 ("When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing."); *Bernard v. Husky Truck Stop,* No. 93–2241–JWL, 1994 WL 171732, 1994 U.S.Dist. LEXIS 5786 (D.Kan. April 20, 1994) (in opposing motion to dismiss for insufficiency of process, plaintiff has burden of making a prima facie showing that statutory and due process requirements are satisfied so as to permit the court to exercise personal jurisdiction over the defendant); *Slawson v. Hair,* 716 F.Supp. 1373, 1375 (D.Kan.1989) (the plaintiff is entitled to the benefit of any factual doubts) (citing *Ammon v. Kaplow,* 468 F.Supp. 1304, 1309 (D.Kan.1979)).

*Richardson v. Alliance Tire & Rubber Co., Ltd.,* 158 F.R.D. 475, 478 (D.Kan.1994).

### C. Methods of Service

Fed.R.Civ.P. 4 sets forth the methods by which a party may properly obtain service of process. Rule 4(h) specifically applies to corporations:

**Service Upon Corporations and Associations.** Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for indi-

viduals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant....

Fed.R.Civ.P. 4(h)(1). Subdivision (e)(1) provides:

**Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State....

Fed.R.Civ.P. 4(e)(1).

■ The following methods are authorized by the state of Kansas for serving corporations:

*Corporations and partnerships.* Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, when by law it may be sued as such, (1) by serving an officer, partner or a resident, managing or general agent, or (2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, or (3) by serving any agent authorized by appointment or required by law to receive service of process, and if the agent is one authorized by law to receive service and the law so requires, by also mailing a copy to the defendant. Service by certified mail on an officer, partner or agent shall be addressed to such person at the person's usual place of business.

K.S.A. 60–304(e). Kansas also has a substantial compliance rule, which states:

In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected.

K.S.A. 60–204. "Under Kansas law, substantial compliance with the requirements for service and awareness of the action are all that is necessary." *Pedi Bares, Inc. v. P & C Food Mkts., Inc.,* 567 F.2d 933, 936 (10th Cir.1977); *see also Briscoe v. Getto,* 204 Kan. 254, 256, 462 P.2d 127 (1969) ("Service of process is the statutory method of obtaining jurisdiction over the person of a defendant and the method of service provided by statute must be substantially complied with.").

In *Richardson v. Alliance Tire & Rubber Co.,* 158 F.R.D. 475 (D.Kan.1994), Judge Crow found that service was proper under circumstances that were very similar to the current case. In *Richardson,* the process server attempted to serve the defendant at its office in New York City. The process server encountered Mihaela Bagdasarian, who was employed as a bookkeeper for the defendant. As part of her duties, Bagdasarian sometimes greeted visitors to the office. She had no supervisory duties, nor was she an officer, director or general agent, cashier or assistant cashier of the defendant. Further, the defendant had not authorized her to accept service on its behalf.

The process server explained who he was and that he had legal papers. Bagdasarian stated she was not authorized to accept the papers. At the time, Bagdasarian was the only person in the office. The process server tried to give her the papers, but she would not accept them, and they fell to the floor. When the process server asked Bagdasarian to sign for the papers, she refused. The proof of service indicated that the process server effected service on the defendant by delivering the summons and complaint to "Jane Doe Authorized Agent."

The defendant received the summons and complaint within two days of the disputed service of process. Judge Crow found that

service was not proper under New York law. *Id.* at 481. In New York, service of process on a receptionist of a corporation is insufficient. *Id.* at 480. In addition, under New York law, actual notice is not a substitute for service of process on a corporation, and the fact the summons and complaint actually reached the defendant did not validate service. *Id.* at 481.

Although Judge Crow determined service was invalid under New York law, he nevertheless found it was valid under Kansas law. *Id.* at 482. The court found that service of process was in substantial compliance with K.S.A. 60–304. *Id.* The plaintiff had left a copy of the summons and complaint at the business office of the defendant with a person apparently having charge of that business at the time service of process was attempted. The court cautioned that the service of process should not be viewed as "a paradigm for others to follow," but concluded it was valid under Kansas law. *Id.*

### D. Analysis

 The defendant argues that it is well settled in Kansas that service upon a secretary, who is not an officer, general or managing agent of a corporation, is insufficient process. However, the cases the defendant cites for this proposition all involve service of process on individuals, not corporations. In that situation, service upon a secretary has in fact been found to be insufficient. *See Haley v. Hershberger,* 207 Kan. 459, 463, 485 P.2d 1321 (1971); *Thompson–Kilgariff Gen. Ins. Agency, Inc. v. Haskell,* 206 Kan. 465, 467, 479 P.2d 900 (1971). This case does not involve service upon an individual. Rather, a corporation was the entity to be served, and therefore, the cases the defendant relies upon are not on point. *See Vogel v. Missouri Valley Steel, Inc.,* 229 Kan. 492, 498, 625 P.2d 1123 (1981) ("The cases relied upon by defendant are not in point as the attempted service in each instance was for an individual defendant and not a corporate defendant.").

The facts in this case closely parallel those in *Richardson* where the court found that service upon the bookkeeper, who appeared to have charge of the office at the time of service, substantially complied with K.S.A. 60–304(e). In fact, this case presents a stronger basis for finding substantial compliance, because unlike the bookkeeper in *Richardson,* Robb allegedly told Moody she could accept the summons, and she signed for it.

Sellens has demonstrated that service of process was in substantial compliance with K.S.A. 60–304(e). Sellens left a copy of the summons and complaint at the defendant's place of business with Robb, a person apparently having charge of that office at the time Moody attempted service of process. The defendant received actual notice of the lawsuit that had been filed against it, which is evidenced by its filing an answer to Sellens's complaint within 35 days from its receipt by its registered agent, and it has shown no prejudice as a result of the alleged irregularity in service. *See Vogel,* 229 Kan. at 499, 625 P.2d 1123 ("Defendant had actual knowledge of the Osage County cases and has shown no prejudice as a result of the alleged irregularity in service."). Thus, defendant Telephone Credit Union's motion to dismiss for failure to obtain proper service is denied.

## III. Failure to Exhaust Administrative Remedies

### A. Facts

On December 12, 1997, Sellens filed a discrimination charge with the EEOC. The EEOC issued her a right-to-sue letter on August 19, 1998. Sellens never filed a charge with the Kansas Human Rights Commission ("KHRC"). The defendant argues that Sellens was required to file a charge first with the KHRC, and that because she failed to do so, her Title VII claim should be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6).

### B. Standards

 Because federal courts are courts of limited jurisdiction, they may exercise jurisdiction only when specifically authorized to do so. *Castaneda v. Immigration Naturalization Serv.,* 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking subject matter juris-

diction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Goslin v. Kickapoo Nation Dist. Ct.,* 1998 WL 1054223, at *1 (D.Kan. Dec. 2, 1998). The party seeking to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *United States v. Bustillos,* 31 F.3d 931, 933 (10th Cir.1994).

Jurisdictional challenges under Rule 12(b)(1) typically take two forms: facial attacks on the sufficiency of jurisdictional allegations and factual attacks on the accuracy of those allegations. *Holt v. United States,* 46 F.3d 1000, 1002–03 (10th Cir.1995). "A facial attack questions the sufficiency of the allegations in the complaint as they relate to subject-matter jurisdiction." *Goslin,* 1998 WL 1054223, at *1. The defendant's motion falls within this category because both parties have relied only on Sellens's complaint. The Tenth Circuit has stated that "a district court must accept the allegations in the complaint as true" when reviewing a facial attack on a complaint. *Holt,* 46 F.3d at 1002.

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept all the well-pleaded factual allegations of the complaint as true and must view them in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Secretary,* 163 F.3d 1150, 1152 (10th Cir.1998). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The federal rules " 'erect a powerful presumption against rejecting pleadings for failure to state a claim.' " *Maez v. Mountain States Tel. and Tel., Inc.,* 54 F.3d 1488, 1496 (10th Cir.1995) (quoting *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir.1986)). "Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice." *Van Deelen v. City of Eudora, Kan.,* 53 F.Supp.2d 1223, 1227 (D.Kan.1999) (citing *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989)).

## C. Exhaustion

■ Title VII requires a complainant to exhaust her state administrative remedies before filing a charge with the EEOC and gives the state an exclusive 60–day deferral period to complete its investigation. *Morris v. State of Kan. Dep't of Revenue,* 849 F.Supp. 1421, 1427 (D.Kan.1994). "A claimant may either file the charges directly with the state agency or file them with the EEOC and rely on the EEOC to refer them to the proper state agency." *Id.* (citing *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972)). The court in *Morris* relied on the Supreme Court's decision in *Love,* which held: "Nothing in the Act suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself, nor is there any requirement that the complaint to the state agency be made in writing rather than by oral referral." *Love,* 404 U.S. at 525, 92 S.Ct. 616. Other decisions from this district have followed the rule set forth in *Morris. See, e.g., Schmitt v. Beverly Health & Rehabilitation Servs., Inc.,* 962 F.Supp. 1379, 1383 (D.Kan.1997) ("In a deferral state, like Kansas, a claimant may either file the charges directly with the state agency or file them with the EEOC and rely on the EEOC to refer them to the proper state agency."); *Gaddy v. Four B Corp.,* 953 F.Supp. 331, 335 (D.Kan.1997) ("Although Kansas is a deferral state requiring that the EEOC defer its investigation to the KHRC, the plaintiff's EEOC filing is sufficient to activate the KHRC's investigation because she is entitled to rely on the EEOC to refer her discrimination charge to the KHRC based on the information she provided the EEOC.").

## D. Analysis

■ The court finds that Sellens's Title VII claim should not be dismissed for lack of

subject matter jurisdiction or for failure to state a claim. According to *Morris, Schmitt,* and *Gaddy,* Sellens had a right to rely on the EEOC to refer her charges to the appropriate state agency. Therefore, she was not required to file her charges with the KHRC first and, as such, has exhausted her administrative remedies.